| | |
|---|---|
| DENNIS J. MAIMAN<br>11461 N. Bobolink Ln.<br>Mequon, WI 53005,<br><br>    Plaintiff, | **COMPLAINT**<br>Case No.:<br>Case Code: 365 Personal Injury –<br>Product Liability<br>**CLAIM IN EXCESS OF $75,000** |

AMERICAN POSTAL WORKERS UNION
c/o Its Retained Counsel
O'Donnell, Schwartz & Anderson, P.C.
1029 Vermont Ave NW #850
Washington, DC 20005

  Involuntary Plaintiff,

 -vs-

REMINGTON ARMS COMPANY, LLC,
870 Remington Drive
PO Box 700
Madison, NC 27048,

RA BRANDS, L.L.C.,
870 Remington Drive
PO Box 700
Madison, NC 27048,

VISTA OUTDOOR INC. d/b/a
REMINGTON AMMUNITION
1 Vista Way,
Anoka, Minnesota, 55303,

SIG SAUER, INC.
72 Pease Boulevard
Newington, NH 03801,

  Defendants.

  Plaintiff, Dennis J. Maiman, MD, complains of the Defendants as follows:

1

# PARTIES

1. Plaintiff, Dennis J. Maiman, MD, is an adult citizen of the State of Wisconsin residing at 11461 N. Bobolink Ln, Mequon, Wisconsin 53005.

2. Involuntary Plaintiff, American Postal Workers Union, AFL-CIO Health Plan has paid medical and related expenses on behalf of Plaintiff Dennis J. Maiman, MD, as a result of the injuries he sustained as hereinafter set forth and may be so obliged in the future. The American Postal Workers Union's national headquarters is located at 1300 L Street NW. Washington, DC. 20005. The APWU Health Plan's headquarters is located at 799 Cromwell Park Drive, Suites K-Z, Glen Burnie, MD 21061.

3. At all times pertinent, Defendant Remington Arms Company, LLC ("Remington") is a foreign limited liability company existing under the laws of Delaware with its principal place of business in Madison, North Carolina.

4. At all times pertinent, Defendant RA Brands, L.L.C. ("RA Brands") is a foreign limited liability company existing under the laws of Delaware with its principal place of business in Madison, North Carolina and upon information and belief, is a subsidiary of Defendant Remington.

5. Upon information and belief, at all times pertinent, Defendant Vista Outdoor Inc. ("Vista") is a foreign corporation existing under the laws of Minnesota with its principal place of business in Anoka, Minnesota and owns/does business as Remington Ammunition.

6. At all times pertinent, Defendant Sig Sauer, Inc. ("Sig Sauer") is a foreign corporation existing under the laws of New Hampshire with its principal place of business in Newington, New Hampshire.

## GENERAL ALLEGATIONS

7. Plaintiff Dennis J. Maiman, MD purchased the subject Sig Sauer P938 9 mm pistol, Serial Number BER508019 from Fletcher's Arms in Waukesha, Wisconsin and is the first and original owner of the gun.

8. At all times pertinent, Defendant Sig Sauer was and is engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, leasing, renting, retailing, wholesaling, and advertising the subject Sig Sauer P938 9 mm pistol, Serial Number BER508019 and every component part thereof, which Sig Sauger knew or should have known would be used in the State of Wisconsin.

9. Plaintiff Dennis J. Maiman, MD purchased the subject Remington ammunition online from Ammunition Depot and is the first and original owner of the ammunition.

10. At all times pertinent, Defendants Remington, RA Brands, and Vista were and are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, leasing, renting, retailing, wholesaling, and advertising the subject Remington ammunition which Remington, RA Brands, and Vista knew or should have known would be used in the State of Wisconsin.

11. On December 18, 2022, Plaintiff Dennis J. Maiman, MD was target shooting at Bear Arms Boutique Shooting Range in Mequon, Wisconsin.

12. On and before December 18, 2022, Plaintiff Dennis J. Maiman, MD had substantial firearms experience.

13. At approximately 12:05 PM, Plaintiff Dennis J. Maimann, MD was using the subject Sig Sauer P938 9 mm pistol, Serial Number BER508019 and shooting Remington 9mm luger, brass ammunition. While Plaintiff was performing two-shot rapid fire drill, the bullet did

3

not go through the barrel and instead, exploded out of the chamber, causing significant injury to Plaintiff's right thumb.

14. The subject firearm was designed, manufactured marketed, distributed, and sold by Defendant Sig Sauer.

15. The subject ammunition was designed, manufactured marketed, distributed, and sold by Defendants Remington, RA Brands, and/or Defendant Vista.

16. The subject firearm and ammunition were without substantial or material change in their conditions from the time they were was designed, manufactured marketed, distributed, and sold by Defendants up to the time the subject firearm/ammunition malfunctioned.

17. At the time the subject firearm/ammunition malfunctioned, they were being used in an ordinary and foreseeable manner.

18. The subject firearm and ammunition were unreasonably dangerous and defective.

19. As a result of the defects in the subject firearm and ammunition, Plaintiff Dennis J. Maiman, MD suffered serious, permanent, and disabling injuries.

20. Defendant Sig Sauer was negligent in the design, manufacturing, testing, warning, and sale of the subject Sig Sauer P938 9 mm pistol, Serial Number BER508019.

21. Defendants Remington, RA Brands, and Vista were negligent in the design, manufacturing, testing, warning, and sale of the subject Remington 9mm luger, brass ammunition.

22. The negligence of Defendants Sig Sauer, Remington, RA Brands, and Vista was a cause of injury to Plaintiff Dennis J. Maimann, MD.

## JURISDICTION AND VENUE

23. Defendant Sig Sauer designed, manufactured, distributed, marketed, advertised, and sold firearms into the stream of commerce, including transactions directly conducted by and/or through stores located in Wisconsin.

24. The subject Sig Sauer P938 9 mm pistol, Serial Number BER508019 was originally sold in Wisconsin.

25. Defendant Remington designed, manufactured, distributed, marketed, advertised, and sold ammunition into the stream of commerce, including transactions directly conducted by and/or through stores located in Wisconsin.

26. Defendant RA Brands designed, manufactured, distributed, marketed, advertised, and sold ammunition into the stream of commerce, including transactions directly conducted by and/or through stores located in Wisconsin.

27. Defendant Vista designed, manufactured, distributed, marketed, advertised, and sold ammunition into the stream of commerce, including transactions directly conducted by and/or through stores located in Wisconsin.

28. Defendants Sig Sauer, Remington, RA Brands, and Vista knew at all times during the manufacture and sale of its firearms and ammunition that the firearm and ammunition in question could travel in many states, including Wisconsin, and defendants should have reasonably anticipated the need to answer a lawsuit arising out of the design, manufacture, distribution, marketing, advertising, and sale of those firearms and ammunition in Wisconsin.

29. Defendants Sig Sauer, Remington, RA Brands, and Vista's contacts with the State of Wisconsin are systematic, ongoing, and sufficient to support the proper exercise of personal jurisdiction over them.

30. Additionally, and in the alternative, Defendants purposefully availed themselves to business dealings in the State of Wisconsin, placed their firearms and ammunition in the stream of commerce, and conferring jurisdiction comports with the notions of fair play and substantial justice.

31. This cause of action is between the Plaintiff, a citizen of Wisconsin, and foreign Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

32. Venue is proper in the Western District of Wisconsin because the subject incident occurred in Ozaukee County, Wisconsin, which is in this district. 28 U.S.C. §1391(b)(2).

## FIRST CAUSE OF ACTION – STRICT LIABILITY AGAINST REMINGTON, RA BRANDS, AND VISTA

33. Plaintiff realleges and reincorporates all of the paragraphs herein.

34. The subject ammunition was designed, manufactured, tested, marketed, advertised, distributed, and sold by Defendants Remington, RA Brands, and Vista.

35. The subject ammunition was defective and unreasonably dangerous in design, manufacture, marketing, and warnings when it left the possession and control of Defendants Remington, RA Brands, and Vista.

36. At the time the subject ammunition was sold and placed on the market it was in a defective and unreasonably dangerous condition to users and consumers.

37. The subject ammunition was expected to and reached Plaintiff Dennis J. Maiman, MD without substantial change in the condition in which it was sold.

38. The subject ammunition was defective in design because foreseeable risks of harm could have been reduced or avoided by the adoption of reasonable alternative designs by Defendants Remington, RA Brands, and Vista and the omission of the alternative designs rendered the subject ammunition not reasonably safe.

39. The subject ammunition was defective in manufacture because the vehicle departed from its intended design.

40. The subject ammunition was defective in its warnings and instructions because foreseeable risks of harm could have been reduced or avoided by the provision of reasonable instructions or warnings by Defendants Remington and Vista and the omission of the instructions or warnings rendered the subject ammunition not reasonably safe.

41. The subject ammunition was defective and unreasonably dangerous when Defendants Remington, RA Brands, and Vista placed it into the stream of commerce. Specifically, the subject ammunition did not have the proper amount of powder/propellant, had a defective primer component that was improperly seated in the cartridge, utilized unsafe materials, was not properly and adequately tested, and had inadequate warnings.

42. The unreasonably dangerous and defective condition of the subject ammunition was a substantial factor in causing injury to Plaintiff Dennis J. Maiman, MD.

43. At the time of the incident, the subject ammunition was being used in a foreseeable and manner reasonably anticipated by Defendants Remington, RA Brands, and Vista.

44. As a result of the defective and unreasonably dangerous condition of the subject ammunition Plaintiff Dennis J. Maiman, MD was compelled to and did employ the services of hospitals, physicians, nurses and the like, to care for and treat his injuries, the exact amount of which will be stated according to proof at the time of trial, for which he claims damages in an unspecified amount.

45. As a result of the defective and unreasonably dangerous condition of the subject ammunition, Plaintiff Dennis J. Maiman, MD has suffered and endured pain, suffering, and disability for which he claims damages in an unspecified amount.

## SECOND CAUSE OF ACTION – NEGLIGENCE AGAINST REMINGTON, RA BRANDS, AND VISTA

46. Plaintiff realleges and reincorporates all of the paragraphs herein.

47. Defendants Remington, RA Brands, and Vista designed, manufactured, tested, marketed, distributed, and sold the subject ammunition, in the ordinary course of business.

48. Defendants Remington, RA Brands, and Vista were negligent in the design, manufacture, testing, warnings, and sale of the subject ammunition including the failure to properly and adequately test and inspect the ammunition.

49. The negligence of Defendants Remington, RA Brands, and Vista were a substantial factor in causing Plaintiff Dennis J. Maiman, MD's serious and disabling injuries.

50. At the time of the subject incident, the subject ammunition was being used in a foreseeable and a manner reasonably anticipated by Defendants Remington, RA Brands, and Vista.

51. As a result of the negligence of Defendants Remington, RA Brands, and Vista, Plaintiff Dennis J. Maiman, MD was compelled to and did employ the services of hospitals, physicians, nurses and the like, to care for and treat his injuries, the exact amount of which will be stated according to proof at the time of trial, for which he claims damages in an unspecified amount.

52. As a result of the negligence of Defendants Remington, RA Brands, and Vista, Plaintiff Dennis J. Maiman, MD has suffered and endured pain, suffering, and disability for which he claims damages in an unspecified amount.

53. Defendants Remington, RA Brands, and Vista were aware of the defects in the subject ammunition through numerous other similar incidents, lawsuits, customer complaints, reports, and other sources but negligently failed to take the appropriate steps to redesign the subject ammunition, or warn plaintiff and the public of the risks associated with the same. Moreover,

8

Case 2:24-cv-00963-WED   Filed 07/31/24   Page 8 of 12   Document 1

Defendant continued to sell this product, even after being put on notice of serious injuries resulting from them.

### THIRD CAUSE OF ACTION – STRICT LIABILITY AGAINST SIG SAUER

54. Plaintiff realleges and reincorporates all of the paragraphs herein.

55. The subject firearm was designed, manufactured, tested, marketed, advertised, distributed, and sold by Defendant Sig Sauer.

56. The subject firearm was defective and unreasonably dangerous in design, manufacture, marketing, and warnings when it left the possession and control of Defendant Sig Sauer.

57. At the time the subject firearm was sold and placed on the market, it was in a defective and unreasonably dangerous condition to users and consumers.

58. The subject firearm was expected to and reached Plaintiff Dennis J. Maiman, MD without substantial change in the condition in which it was sold.

59. The subject firearm was defective in design because foreseeable risks of harm could have been reduced or avoided by the adoption of reasonable alternative designs by Defendant Sig Sauer and the omission of the alternative designs rendered the subject firearm not reasonably safe.

60. The subject firearm was defective in manufacture because the vehicle departed from its intended design.

61. The subject firearm was defective in its warnings and instructions because foreseeable risks of harm could have been reduced or avoided by the provision of reasonable instructions or warnings by Defendant Sig Sauer and the omission of the instructions or warnings rendered the subject firearm not reasonably safe.

9

62. The subject firearm was defective and unreasonably dangerous when Defendant Sig Sauer placed it into the stream of commerce. Specifically, the subject firearm exploded sideways allowing deformation of the chamber of the gun which caused injury to Plaintiff Dennis J. Maiman, MD.

63. The unreasonably dangerous and defective condition of the subject firearm was a substantial factor in causing injury to Plaintiff Dennis J. Maiman, MD.

64. At the time of the incident, the subject firearm was being used in a foreseeable and manner reasonably anticipated by Defendant Sig Sauer.

65. As a result of the defective and unreasonably dangerous condition of the subject firearm Plaintiff Dennis J. Maiman, MD was compelled to and did employ the services of hospitals, physicians, nurses and the like, to care for and treat his injuries, the exact amount of which will be stated according to proof at the time of trial, for which he claims damages in an unspecified amount.

66. As a result of the defective and unreasonably dangerous condition of the subject firearm, Plaintiff Dennis J. Maiman, MD has suffered and endured pain, suffering, and disability for which he claims damages in an unspecified amount.

**FOURTH CAUSE OF ACTION – NEGLIGENCE AGAINST SIG SAUER**

67. Plaintiff realleges and reincorporates all of the paragraphs herein.

68. Defendant Sig Sauer designed, manufactured, tested, marketed, distributed, and sold the subject firearm, in the ordinary course of business.

69. Defendant Sig Sauer was negligent in the design, manufacture, testing, warnings, and sale of the subject firearm including but not limited to the failure to properly and adequately test and inspect the firearm.

70. The negligence of Defendant Sig Sauer was a substantial factor in causing Plaintiff Dennis J. Maiman, MD's serious and disabling injuries.

71. At the time of the subject incident, the subject firearm was being used in a foreseeable and a manner reasonably anticipated by Defendant Sig Sauer.

72. As a result of the negligence of Defendant Sig Sauer, Plaintiff Dennis J. Maiman, MD was compelled to and did employ the services of hospitals, physicians, nurses and the like, to care for and treat his injuries, the exact amount of which will be stated according to proof at the time of trial, for which he claims damages in an unspecified amount.

73. As a result of the negligence of Defendant Sig Sauer, Plaintiff Dennis J. Maiman, MD has suffered and endured pain, suffering, and disability for which he claims damages in an unspecified amount

74. Defendant Sig Sauer was aware of the defects in the subject firearm through numerous other similar incidents, lawsuits, customer complaints, reports, and other sources but negligently failed to take the appropriate steps to redesign the subject ammunition, or warn plaintiff and the public of the risks associated with the same. Moreover, Defendant continued to sell this product, even after being put on notice of serious injuries resulting from them.

WHEREFORE, Plaintiff, Dennis J. Maiman, MD, demands judgment in his favor against the Defendants jointly and severally together with the taxable costs and disbursements incurred herein.

Furthermore, in the event American Postal Workers Union timely and properly appears in this action, then for judgment determining the rights of American Postal Workers Union against defendants and all parties which may be added to this lawsuit in the future upon any claim of subrogation or reimbursement and to the extent they may be entitled to judgment.

In the alternative, if American Postal Workers Union does not timely and properly appear in this action then for default judgment determining American Postal Workers Union has no claim of subrogation or reimbursement.

Dated at Milwaukee, Wisconsin this 24th day of July, 2024.

                MURPHY & PRACHTHAUSER, S.C.
                Attorneys for Plaintiff

By: *Electronically signed by Thadd J. Llaurado*
      Thadd J. Llaurado (#1000773)
      Keith R. Stachowiak (#1000050)
      Kathryn Llaurado Scheidt (#1095288)

**P. O. ADDRESS:**
330 East Kilbourn Avenue, Suite 1200
Milwaukee, WI 53202
(414) 271-1011
tllaurado@murphyprachthauser.com
kstachowiak@murphyprachthauser.com
kllaurado@murphyprachthauser.com