# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

___

DENNIS MAIMAN,

    Plaintiff,

v.                                                            Case No.: 24-cv-963

AMMUNITION OPERATIONS, LLC d/b/a
REMINGTON AMMUNITION, et al.,

    Defendants.

___

## **PROTECTIVE ORDER**

Based on the Stipulation of the parties and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS THEREFORE ORDERED THAT**, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

**(A) DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(1) One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information.

(2) One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

(3) Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if

- 2 -

designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

(5) Any documents, testimony or responses to discovery that contain technical data within the definition of the International Traffic in Arms Regulation ("ITAR") (22 CFR 120-130, *et seq.*) or technology as defined in the Export Administration Regulations ("EAR") (15 CFR Parts 730-744, *et. seq.*) ("ITAR Data") may be designated by any party as "ITAR Controlled." In accordance with ITAR and EAR, transfer of ITAR Data by any means to a foreign person or a foreign company, whether in the United States or abroad, is prohibited. Re-transfer of ITAR Data to any other end-user or for any other end user, whether in the United States or abroad, is not authorized as it may require approval of the United States Department of State or United States Department of Commerce. Notwithstanding any other provision herein to the contrary, ITAR Data provided pursuant to this order may be used only in the presentation of this case and only under circumstances which will protect disclosure from prohibited individuals or groups and may not be disseminated to any person not directly involved in this case. Before receipt of any ITAR Data, the recipient must confirm he or she is a U.S. Person (as defined in the ITAR), and agree not to disclose the protected material. Further any ITAR Data offered into evidence will be filed under seal and presented under circumstances designed to protect against disclosure to prohibited persons or groups.

(6) If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably

required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

**(B) DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.**

Information, documents, or other material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY or ITAR CONTROLLED under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals). The parties must not disclose information, documents, or other material designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified. Nothing in this Order prohibits a receiving party that is a government agency from following its routine uses and sharing such information, documents or other material with other government agencies or self-regulatory organizations as allowed by law.

(1) CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, including ITAR controlled documents, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to employees of counsel for the parties or, when the party is a government entity, employees of the government, who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the

provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information, documents or other material.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(e) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(f) Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(2) ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this Order,

including ITAR controlled documents, to any other person or entity, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(c) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(d) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(e) Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

**(C) MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as

confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(1) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

(2) To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court utilizing the procedures set forth in General L. R. 79(d). If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "ITAR CONTROLLED" by a third party, the party making the filing shall provide notice of the filing to the third party.

**(D) CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A party may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

**(E) CONCLUSION OF LITIGATION.** At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY or ITAR CONTROLLED under this Order must be returned to the originating party or, if the parties so

stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

Dated at Milwaukee, Wisconsin this 2nd day of June, 2025.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

DATED: May 9, 2025

MURPHY & PRACHTHAUSER, S.C.
Attorney for Plaintiff, Dennis J. Maiman

s/Thadd J. Llaurado
Thadd J. Llaurado
Keith R. Stachowiak
Kathryn Llaurado Scheidt
Michelle M. Hockers

N14W23833 Stone Ridge Drive, #310
Waukesha, WI 53188
414-271-1011 / 414-271-9987
Email: tllaurado@murphyprachthauser.com
Email: kstachowiak@murphyprachthauser.com
Email: kllaurado@murphyprachthauser.com
Email: mhockers@murphyprachthauser.com

DATED: May 12, 2025

BORGELT, POWELL PETERSON & FRAUEN, S.C.

s/Matthew Granitz
Patrick McNally
Matthew Granitz

1432 N. 10th Street Suite 300
Milwaukee, WI 53205

- 8 -

Phone: 414-287-9143
Fax : 414-276-0172
Email: pmcnally@borgelt.com
Email: mgranitz@borgelt.com

Attorneys for Defendant
AMMUNITION OPERATIONS, LLC d/b/a
REMINGTON AMMUNITION

DATED: May 12, 2025             PISCIOTTI LALLIS ERDREICH


s/Danny C. Lallis
Anthony Pisciotti (Pro Hac Vice)
Danny Lallis (Pro Hac Vice)

30A Vreeland Road #300
Florham Park, NJ 07932
Phone:  973-245-8100
Fax: 973-245-8101
Email:  apisciotti@pisciotti.com
Email:  dlallis@pisciotti.com

Attorneys for Defendant
AMMUNITION OPERATIONS, LLC d/b/a
REMINGTON AMMUNITION


DATED: May 12, 2025
GASS TUREK, LLC


s/Richard Orton
Richard Orton
Joshua Greenberg

241 North Broadway #200

- 9 -

Milwaukee, WI 53202
Phone: 414-223-3300
Fax: 414-224-6116
Email: orton@gassturek.com
Email: greenberg@gassturek.com

Attorneys for Defendant
SIG SAUER, INC.

DATED: <u>May 12, 2025</u>　　　　　LITTLETON JOYCE UGHETTA & KELLY

<u>s/B. Keith Gibson</u>
B. Keith Gibson
Kristen Dennison
Jackson Thomas

4 Manhattanville Road #202
Purchase, NY 10577
Phone: 914-417-3400
Fax: 914-417-3401
Email: keith.gibson@littletonjoyce.com
Email: kristen.dennison@littletonjoyce.com
Email: jackson.thomas@littletonjoyce.com

Attorneys for Defendant
SIG SAUER, INC.

- 10 -