**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

DENNIS J. MAIMAN,

        Plaintiff,

    v.

AMMUNITION OPERATIONS, LLC d/b/a
REMINGTON AMMUNITION, and
SIG SAUER, INC.,

        Defendants.

**Civil Case No.:**     **2:24-cv-00963-WED**

---

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY

---

### I.    INTRODUCTION

This case involves a complex product liability and negligent design action where Plaintiff Dr. Dennis J. Maiman was permanently injured when a Sig Sauer P938 9mm pistol barrel and Remington Ammunition 9mm ammunition ruptured while he was shooting at an indoor shooting range in Mequon, Wisconsin. This motion to compel discovery involves a dispute over a narrowly-targeted request for production of the prototype drawings of the product at the center of this product liability and negligent design action.

Plaintiff and Defendants have both conducted discovery thus far. All parties have worked amicably and cooperatively throughout the discovery process, meeting and conferring on numerous occasions. These meet and confer efforts have resulted in reasonable and agreeable resolution of all discovery disputes other than the dispute over the discoverability of prototype design drawings of the Sig Sauer P938 9mm pistol involved in this matter.

1

The specific request for production of documents and corresponding Defendant Sig Sauer objection at the heart of this dispute is below:

REQUEST NO. 3:
Produce any and all prototype drawings for the Sig Sauer P938 9mm pistol (i.e. revisions "PA," "PB," "PC," etc.), including prototype drawings for the barrel, slide, and frame, which Mr. Chris Bova testified were the design drawings for the P938 prior to the creation of Revision 00 design drawings for the barrel, slide, and frame.

**RESPONSE NO. 3:**

**OBJECTION, Sig Sauer, by and through counsel, objects to this request on the grounds that it is overly broad, vague, ambiguous, unlikely to lead to admissible evidence and outside the scope of discovery allowed under the Federal Rules of Civil Procedure. There are no allegations in Plaintiff's complaint that a prototype barrel was used or is any way relevant to Plaintiff's allegations. Indeed, Plaintiff has already been provided not only with the drawings related to the subject pistol barrel, but with all other drawings for all P938 barrels ever produced and sold.** (Llaurado Aff. ¶2, Ex. A, Def. Sig Sauer Responses and Objections to Plf. Fifth RFP).

Plaintiff, pursuant to Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure, respectfully requests an order from the Court compelling Defendants to:

(1) Produce all prototype drawings for the barrel, slide, and frame of the Sig Sauer P938 9mm pistol, to include all drawings created in the design and development of the Sig Sauer P938 9mm pistol prior to the creation of design drawings Revision 00 (Bates Number 01627).

Plaintiff's basis for this motion is that the requested prototype drawings are relevant and proportional to the needs of both Plaintiff's (1) strict product liability design defect and (2) negligent design claims pled in its Complaint as they pertain to subject incident.

The requested prototype drawings show what Sig Sauer considered in the design and development of the Sig Sauer P938 9mm pistol including whether a potential prototype showed notice of a design defect or whether Sig Sauer considered in the design and development stage a feasible design alternative.

2

Second, the Plaintiff's negligent design claim is centered on Sig Sauer's conduct in the design and development of the subject P938 9mm pistol. Prototype drawings of the P938 9mm pistol will show whether Sig Sauer knew of the dangers associated with the subject P938 9mm pistol design, specifically with respect to the thickness of the barrel at the chamber and the location of the ammunition caliber markings.

The parties conferred in good faith pursuant to Rule 37. Fed. R. Civ. P. 37(a)(1); *See infra* Part V Certification Of Conferral. On February 25, 2026, Plaintiff's and Sig Sauer's counsel met and conferred via telephone. (Llaurado Aff. ¶3, Ex. B, 3-3-26 Meet and Confer Letter). Although counsel were able to come to agreement on all other outstanding discovery disputes, Sig Sauer maintained its objection to produce the prototype drawings of the P938 9mm pistol used in the design and development of the P938 9mm pistol because they claim prototype drawings were not mentioned in Plaintiff's complaint, are not relevant to Plaintiff's allegations, and that they have already produced all subsequent model P938 9mm pistol drawings. (Llaurado Aff. ¶2, Ex. A, Def. Sig Sauer Responses and Objections to Plf. Fifth RFP).

## II. BACKGROUND

On December 18, 2022, Plaintiff Dr. Dennis J. Maiman was target shooting at an indoor shooting range in Mequon, Wisconsin when the barrel of his Sig Sauer P938 9mm pistol and Remington 115 gr. 9mm Luger ammunition casing ruptured and permanently injured his right thumb. Dr. Maiman was performing a rapid-shot firing drill where he would fire two semi-automatic shots in rapid succession, via two trigger pulls one after the other. (Llaurado Aff. ¶4, Ex. C, Maiman Dep. p. 107–109, 112). Upon pulling the trigger the second time in the rapid-shot drill, the barrel of the P938 9mm pistol ruptured and severed Dr. Maiman's right thumb. (Llaurado Aff. ¶4, Ex. C, Maiman Dep. p. 113). After reviewing the video of the incident, Sig Sauer's

corporate representative testified that he believed Dr. Maiman was properly handling the firearm immediately prior to the subject incident. (Llaurado Aff. ¶5, Ex. D, McAllister Dep. 6-10-25 p. 161–162).



Figure 1: Photo taken by the Mequon Police Department of the subject Sig Sauer P938 9mm pistol (Serial Number: 52B093020) upon responding to the gun range after the subject incident. The barrel of the pistol at the chamber and the ammunition casing are shown ruptured open. (Llaurado Aff. ¶6, Ex. E, Photo of subject P938 pistol taken by Mequon Police Department)

4



Figure 2: Photo taken by the Mequon Police Department of the subject Sig Sauer P938 9mm pistol (Serial Number: 52B093020) upon responding to the gun range after the subject incident. This picture of the subject pistol shows a closer view of the barrel and ammunition casing rupture located directly at the bottom of the "9MM PARA" ammunition caliber marking on the subject pistol barrel at the chamber. (Llaurado Aff. ¶7, Ex. F, Photo of subject P938 pistol taken by Mequon Police Department).

In the course of discovery, Chris Bova, one of the product design engineers for the Sig Sauer P938 9mm pistol, was deposed. (Llaurado Aff. ¶8, Ex. G, Bova Dep. p. 8–10). In his deposition, Mr. Bova was asked if "Revision 00 [of the P938 9mm pistol]" was the "first [design] drawing of the P938 barrel." (Llaurado Aff. ¶8, Ex. G, Bova Dep p. 59; Llaurado Aff. ¶9, Ex. H, Bova Dep. Ex. 2 B/N 01627). He responded, "There could have been prototype revisions, which at this time I believe were letters instead of numbers…. the letters started with a P, so PA, PB for preliminatry prototype revisions." (Llaurado Aff. ¶8, Ex. G, Bova Dep. p. 59–60).

Based on this testimony from a Sig Sauer design engineer involved in the design and development of the P938 9mm pistol, Plaintiff requested these documents to be produced by Defendant Sig Sauer. (Llaurado Aff. ¶10, Ex. I, Plf. Fifth Request for Production of Documents to Def. Sig Sauer). Defendant Sig Sauer objected to Plaintiff's request for production of the prototype

5

drawings for the P938 9mm pistol. (Llaurado Aff. ¶2, Ex. A, Def. Sig Sauer Objections and Responses to Plf. Fifth RFP). Counsel met and conferred on February 25, 2026 and Defendant Sig Sauer maintained its refusal to produce such documents. (Llaurado Aff. ¶3, Ex. B, 3-3-26 Meet and Confer Letter).

Further, Sig Sauer's Designee witness on testing of the P938 pistol testified that he reviewed before his deposition the pre-prototype and prototype testing on the Sig Sauer P938 pistol. (Llaurado Aff. ¶11, Ex. J, McAllister Dep. 3-10-26 p. 9-11, 18, 22-24). He further testified that prototype testing are tests used to evaluate the functionality and safety of a pistol during the design stage. *Id. at 16-17*. Prototype testing is done to evaluate different designs. *Id. at 17.*

### III.   LAW AND ARGUMENT

    **a.   The requested prototype drawings of the Sig Sauer P938 9mm pistol are relevant and proportional to the needs of the Plaintiff's case under Rule 26(b)(1) and fall within the broad scope of discovery.**

A party may file a motion to compel discovery responses pursuant to Rule 37 when another party fails to respond to a discovery request or where the party's response is evasive or incomplete. Fed. R. Civ. P. 37(3)(B)(iv).  The scope of discovery is broad and parties are allowed to obtain any nonprivileged matter (a) relevant to any party's claim and (b) proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). In ruling on a motion to compel discovery, federal courts consistently adopt a liberal construction of discovery rules to allow for an efficient uncovering of the truth. See *Nalco Chem. Co. v. Hydro Technologies, Inc.*, 148 F.R.D. 608, 615 (E.D. Wis. 1993).

Additionally, the scope of discovery should be interpreted broadly to aid in the "search for the truth."  *Kodish v. Oakbrook Terrace Fire Protection Dist*., 235 F.R.D. 447, 450 (N.D. Ill. 2006); *see also Dauska v. Green Bay Packaging Inc.*, 291 F.R.D. 251, 258 (E.D. Wis. 2013). Courts look unfavorably upon significant restrictions of the discovery process. *Kodish*, 235 F.R.D. at 450. The burden rests upon the objecting party to show why a particular discovery request is

6

improper. *Dauska*, 291 F.R.D. at 258. Courts commonly require specific evidence of the burden when objecting to a discovery request. *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 598 (7th Cir. 2011).

In addition to relevancy, the discovery requested must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The factors listed in Rule 26(b)(1) are the various factors which may be weighed to determine proportionality. *Id.* None of the six limiting factors enumerated in Rule 26(b)(1) bar the discoverability of the requested prototype drawings.

Moreover, a Plaintiff's discovery in a product liability case is especially important because it is the defendant manufacturer that is in possession of materials which the plaintiff needs to prove its case. Information concerning the design and development of a product, the particular design process and evolution of a product's design, or the defendant's knowledge of hazards or potential defects is possessed by the manufacturer. Because the requested information is controlled by and within the custody of the defendant manufacturer corporation, Plaintiff respectfully submits that this Court should apply broad deference in discovery to allow Plaintiff a just and efficient opportunity to obtain relevant and proportional materials necessary to prove his case.

1. **The requested prototype drawings are relevant to Plaintiff's product liability and negligence claims.**

Materials that bear on the defendant manufacturer's decision-making during the design and development process of a product—including prototype drawings—are important documents needed to effectively litigate and establish the necessary elements of a product liability claim. The requested prototype drawings are relevant to the Plaintiff proving Sig Sauer's knowledge during the design and development of the subject Sig Sauer P938 barrel, slide, and frame. Plaintiff's discovery is narrowly limited to the barrel, slide, and frame. In this light, Seventh Circuit courts have applied a substantial similarity test for determining discoverability of prototype or

predecessor model materials. *In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295, 303 (N.D. Ill. 1997). If there exists a close and compelling link between the subject product and the prototype or predecessor model, materials surrounding the prototype or predecessor model are relevant and discoverable. *Id.* A close and compelling link can be demonstrated if the prototype or predecessor model is a part of the subject product's design history. *Id.*

Here, Sig Sauer's corporate representative testified that in the design and development phase of the P938 9mm pistol, prototype designs and testing were typically used to test and evaluate different aspects and designs to arrive at the final P938 9mm pistol design. (Llaurado Aff. ¶11, Ex. J, McAllister Dep. 3-10-26 p. 16–18). This testimony displays the close nexus between the prototype design and testing of the P938 9mm and the subject P938 9mm pistols. The information uncovered in the P938 9mm prototype design and testing was used to determine the final production design of the P938 9mm pistol. This connection demonstrates that the prototype drawings are relevant in this matter.

Based on the testimony from Sig Sauer's corporate representative regarding prototype drawings and testing being used in the design and development of the P938 9mm pistol, the requested prototype drawings of the P938 9mm pistol (including the pistol barrel, slide, and frame) are directly relevant to and relate to facts of consequence central to Plaintiff's causes of action by showing:

1) The design history, process, and evolution of the P938 9mm pistol, including the P938 pistol barrel;
2) Sig Sauer's knowledge of potential hazards uncovered or considered during the design and development of the P938 9mm pistol;
3) The existence of and Sig Sauer's consideration of feasible alternative designs and risk-mitigation design choices (or lack thereof) in the design and development of the P938 9mm pistol;

4) Whether Sig Sauer knew or should have known the ammunition caliber markings placed on the barrel could act as a stress riser and/or concentrator;
5) Whether prototype drawings featured ammunition caliber markings on the barrel or on an alternative location;
6) Whether prototype drawings featured ammunition caliber markings on the barrel of a different font, height, and depth;
7) Whether prototype drawings specified particular manufacturing processes for placing the ammunition caliber markings on the subject model P938 9mm pistol;
8) Whether Sig Sauer considered alternative pistol designs to mitigate the likelihood of the barrel rupturing at the chamber, including having a thicker barrel at the chamber.

All of the above are necessary components to Plaintiff's product liability and negligence claims. The Plaintiff needs the requested prototype drawings to provide knowledge into the design decisions made by Sig Sauer during the design and development of the P938 9mm pistol. Such information is relevant and discoverable.

**2. The prototype drawings are proportional to the needs of the Plaintiff's strict products liability and negligent design claims.**

Rule 26(b)(1) identifies six factors for evaluating the discoverability of information. Fed. R. Civ. P. 26(b)(1). The six factors to be considered are: (1) the importance of the issues at stake, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* None of the six factors weigh against the discoverability of the requested prototype drawings.

Planitff's request for the P938 9mm pistol prototype drawings is narrowly tailored and not unduly burdensome on Sig Sauer. In fact, Plaintiff's need for the requested prototype documents far outweighs any potential burden to Sig Sauer in producing them. The requested prototype drawings are important to allowing Plaintiff a fair and equitable opportunity to litigate his product liability and negligence claims. Further, the drawings have the potential to provide information that will directly resolve the issues in this case and Plaintiff has no way to access this information

9

other than through the defendant manufacturer. Therefore, the six factors favor Plaintiff's need for this information.

The request to produce the P938 9mm pistol barrel, slide, and frame prototype drawings is not burdensome. Plaintiff's request for production of the P938 9mm pistol prototype drawings is a narrow and specific request for production. The prototype drawings were specifically identified as letter prototype drawings in a deposition of Sig Sauer's Senior Design Engineer (and Design Engineer during the design and development of the P938), Chris Bova. (Llaurado Aff. ¶8, Ex. G, Bova Dep. p. 59–60). Accordingly, Plaintiff requested the lettered prototype drawings by name as indicated by Mr. Bova. (Llaurado Aff. ¶10, Ex. I, Plf. Fifth Requests for Production of Documents to Def. Sig Sauer). Additionally, Sig Sauer's corporate representative testified that these drawings were used to arrive at the production design of the P938 9mm pistol. (Llaurado Aff. ¶11, Ex. J, McAllister Dep. 3-10-26 p. 17–18).

Furthermore, Plaintiff is requesting documents readily available to Sig Sauer and Sig Sauer did not proffer any evidence of burden which would preclude discoverability of the requested prototype drawings. To date, Sig Sauer has provided Plaintiff drawings for the Sig Sauer P938 9mm pistol, with the exception of the requested prototype drawings. From its objection to Plaintiff's Request for Production of the P938 9mm prototype drawings, Sig Sauer claims that all subsequent model P938 9mm design drawings are relevant and discoverable, but yet the prototype drawings are not relevant and discoverable. This does not make any sense. Sig Sauer maintains this posision even though the prototype drawings directly pertain to the design and development of the subject P938 pistol. Sig Sauer's corporate representative confirmed this. (Llaurado Aff. ¶11, Ex. J, McAllister Dep. 3-10-26 p. 17–18).

10

The requested prototype drawings illuminate the history of Sig Sauer's design decisions surrounding the P938 9mm pistol, including the pistol barrel. The design and development of the P938 9mm pistol, which includes the creation of the requested prototype drawings, resulted in Sig Sauer choosing the barrel design that was implemented in the subject P938 9mm pistol that injured Dr. Maiman. This information is sufficiently proportional to the needs of the Plaintiff's case. The benefit of this production in effectuating a just and truthful discovery process far outweighs any burden on Defendant Sig Sauer. In fact, Defendant Sig Sauer has not idenfitied any burden that would preclude them from providing such materials.

Overall, the requested prototype drawings are important to the Plaintiff's case and are of nominal burden, if any, to Defendant Sig Sauer to produce. As a result, Plaintiff respectfully requests the Court to compel the production of the requested prototype drawings to promote the just and effective litigation of Plaintiff's claims.

### IV.    CONCLUSION

Plaintiff respectfully requests this Court to grant Plaintiff's Motion to Compel Defendant Sig Sauer to produce the subject pre-prototype and prototype discovery for the P938 9mm pistol. Plaintiff's discovery request of these documents is directly relevant to his design defect and negligent design claims, proportional to the needs of his case as they are central to the merits of this matter, and not unduly burdensome or duplicative. The requested prototype drawings also are not privileged nor raise any confidentiality concerns due to the existing protective order in this matter.

### V.    CERTIFICATION ON CONFERRAL

Undersigned counsel certifies that, pursuant to Rule 37(a)(1) and this Court's procedures, Plaintiff's counsel, Thadd J. Llaurado, met and conferred by telephone with Defendant Sig Sauer's

counsel, Christopher Monson, on February 25, 2026 regarding this dispute and thereafter confirmed the parties' position in writing. Despite good-faith efforts, the parties reached an impasse at this narrowly-tailored document request. (Llaurado Aff. ¶3, Ex. B, 3-3-26 Meet and Confer Letter).

Dated at Waukesha, Wisconsin, this 25th day of March, 2026.

**MURPHY & PRACHTHAUSER, S.C.**
Attorneys for Plaintiff Dennis J. Maiman

By:     *Electronically signed by Thadd Llaurado*
Thadd J. Llaurado (#1000773)
Keith R. Stachowiak (#1000050)
Kathryn Llaurado Scheidt (#1095288)
Michelle M. Hockers (#1095173)

**P. O. ADDRESS:**
N14W23833 Stone Ridge Drive, Suite 310
Waukesha, WI 53188
(414) 271-1011 [telephone]
(414) 271-9987 [facsimile]
tllaurado@murphyprachthauser.com
kstachowiak@murphyprachthauser.com
kllaurado@murphyprachthauser.com
mhockers@murphyprachthauser.com

12